UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GOODMAN SALES CO., § |
| f/k/a GMC SALES CORP., § |
| *Plaintiff*, § |
| § |
| vs. § CIVIL ACTION H-05-1260 |
| § |
| ASHA DISTRIBUTING, INC., *et al.*, § |
| *Defendants*. § |

### OPINION ON SUMMARY JUDGMENT

Before the court are two motions for partial summary judgment. Plaintiff Goodman Sales Co. seeks summary judgment on $2,100,000.00 it asserts is not in dispute, as well as on the defendants' counterclaim for consequential damages (Dkt. 28). The defendants, ASHA Distributing, Inc., ASHA Distributing of K.C., Inc., and Trace Smith, seek judgment as a matter of law that Smith, the sole shareholder of the ASHA entities, is not personally liable for any liability of ASHA in this case (Dkt. 27). For the reasons that follow, plaintiff Goodman Sales's motion for partial summary judgment is denied. Defendant ASHA's motion for partial summary judgment is granted.

### BACKGROUND

Goodman Sales Co. (formerly known as GMC Sales Corp.) is a manufacturer and wholesaler of heating and air-conditioning units, and related parts. ASHA Distributing, Inc. and ASHA Distributing of K.C., Inc. (collectively "ASHA") distributed Goodman products for several years. Goodman claims that ASHA has not paid for approximately $3,500,00.00 in units and parts that it placed with ASHA for sale. ASHA counters that some of the unaccounted for goods were never delivered to it, some were returned to Goodman and not properly credited, and some of the discrepancy is due to Goodman's misreading of the financial records.

In Fall 2000, the parties entered into the distribution agreement. The parties signed a contract on January 1, 2001, which was then renewed to cover the year 2002. Even though the written contract lapsed on December 31, 2002, the parties continued their business relationship for several more years. In short, this agreement was that Goodman would place its products for sale on consignment to ASHA. Within tens days following the end of the month any products were sold, ASHA would pay Goodman. By March 31, 2005, continuing disagreements over inventory and accounting led to the termination of the relationship.

## LEGAL STANDARDS

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The party moving for summary judgment must demonstrate that there are no genuine issues of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). An issue is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248.

In responding to a properly supported summary judgment motion, the non-movant cannot merely rely on its pleadings, but must present specific and supported material facts, of significant probative value, to preclude summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). In determining whether a genuine issue of material fact exists, the court views the

evidence and draws inferences in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255; *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

## ANALYSIS

**1.     Goodman Sales Co.'s Motion for Partial Summary Judgment**

Plaintiff Goodman Sales Co. seeks summary judgment on $2,100,000.00 it maintains is not in dispute. It relies upon numerous receipts, checks, and other records from a several year period to argue that at least to this amount, damages are not in contention. Goodman Sales also seeks summary judgment on ASHA's counter-claim for consequential damages. It maintains that because it was entitled to terminate the contract with ASHA, consequential damages are therefore not recoverable.

After reviewing the parties' submissions and the summary judgment record, the court concludes there are genuine issues of material fact precluding summary judgment on both of these claims. First, with respect to the $2,100,000.00, ASHA does vigorously dispute this amount. The parties dispute the amount of Goodman products received by ASHA. The parties dispute the amount of Goodman's products sold by ASHA. The parties dispute how much unsold inventory ASHA sent back to Goodman. As for the consequential damages, Goodman's position requires the assumption that its interpretation of the ongoing accounting disputes were correct, and that it was therefore justified in terminating the contract. Both are unresolved factual matters making judgment as a matter of law inappropriate at this time.

**2.    ASHA's Motion for Partial Summary Judgment**

Goodman maintains ASHA is the alter ego of Trace Smith. Goodman alleges that Smith commingled personal and corporate funds, ignored corporate formalities, and misused the ASHA corporate form. Goodman therefore argues that it should be able to "pierce the corporate veil" and hold ASHA's sole shareholder Smith personally liable for ASHA's debts.

The standard for holding a shareholder personally liable for a corporation's contractual obligation under Texas law is demanding. The Texas Legislature recently enacted the following provisions:

> (a) A holder of shares, an owner of any beneficial interest in shares, or a subscriber for shares whose subscription has been accepted, or any affiliate of such a holder, owner, or subscriber of the corporation, may not be held liable to the corporation or its obligees with respect to:
>
> . . . .
>
> (2) any contractual obligation of the corporation or any matter relating to or arising from the obligation on the basis that the holder, beneficial owner, subscriber, or affiliate is or was the alter ego of the corporation or on the basis of actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory; or
>
> (3) any obligation of the corporation on the basis of the failure of the corporation to observe any corporate formality, . . . .
>
> . . . .
>
> (b) Subsection (a)(2) does not prevent or limit the liability of a holder, beneficial owner, subscriber, or affiliate if the obligee demonstrates that the holder, beneficial owner, subscriber, or affiliate caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the holder, beneficial owner, subscriber, or affiliate.

TEX. BUS. ORGS. CODE ANN. § 21.223 (Vernon Supp. 2006).

In other words, and as construed by the Texas Supreme Court, the liability of a shareholder for a contractual corporate debt is exclusively fixed by this statute and "'preempts any other liability imposed for that obligation under common law or otherwise'" unless the shareholder "'caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the'" shareholder.  *See Willis v. Donnelly*, — S.W.3d —, 2006 WL 1506258, at *6 (Tex. 2006) (quoting TEX. BUS. ORGS. CODE ANN. §§ 21.223, 21.224 (Vernon Supp. 2006)).  The Texas Supreme Court has also noted that of the case relied upon by Goodman Sales, *Castleberry v. Branscum*, 721 S.W.2d 270, 271 (Tex. 1986), was circumscribed by statute in 1989.  *See Willis*, 2006 WL 1506258, at *6.

In responding to ASHA's motion for partial summary judgment on this point, Goodman Sales has not presented specific and supported material facts, of significant probative value, to show that Trace Smith used the ASHA corporations for the purpose of perpetrating, and that he did in fact use the ASHA corporations to perpetrate an actual fraud on Goodman Sales for his personal benefit.  There is, therefore, no genuine issue of material fact on Smith's potential personal liability.

## CONCLUSION

Accordingly, Goodman Sales Co.'s motion for partial summary judgment is DENIED; ASHA's motion for partial summary judgment is GRANTED.

Signed on August 24, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge

5