UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GOODMAN SALES CO., | § | |
| F/K/A GMC SALES CORP., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-1260 |
| | § | |
| ASHA DISTRIBUTING INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before the court are the following post-judgment motions: Plaintiff's Motion for Judgment as a Matter of Law (Dkt. 96); Plaintiff's Motion to Amend Judgment (Dkt. 97); Plaintiff's Bill of Costs (Dkt. 98); Plaintiff's Post Verdict Motion for Attorney Fees and Plaintiff's Supplemental Motion for Attorneys' Fees (Dkts. 99, 108); Defendants' Motions for Judgment as a Matter of Law, Judgment Notwithstanding the Verdict, and New Trial (Dkt. 100); Plaintiff's Motion for Entry of Amended Final Judgment (Dkt. 105); and Defendants' Motion for Entry of Amended Final Judgment or, in the Alternative, Order for New Trial (Dkt. 107). On August 23, 2007, the court held a hearing on these motions in which it heard arguments from counsel and testimony on the issue of the calculation of plaintiff's attorneys' fees. After considering this evidence and the other evidence of record, the parties' motions, and the applicable law, the court ORDERS the following[1]:

1. Plaintiff's Motion for Judgment as a Matter of Law (Dkt. 96) is DENIED.

---

[1] At the August 23, 2007 hearing, the court ruled on certain pending motions and took others under advisement. For the purposes of clarity, this order will reiterate the court's previous decisions as stated on the record and enumerate the court's holdings on the reserved matters.

2. Plaintiff's Motion to Amend Judgment (Dkt. 97) is GRANTED. Under the discretion vested in this court to award prejudgment interest pursuant to Texas common law, *see Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 530 (Tex. 1998), plaintiff will be awarded prejudgment interest in the amount of **$408,263**.

3. Plaintiff's Bill of Costs (Dkt. 98), which the defendants do not oppose, is GRANTED. Taxable costs of court in the amount of **$8,547** will be assessed against ASHA Distributing, Inc. and ASHA Distributing of K.C., Inc. jointly and severally. *See* 28 U.S.C. § 1920.

4. Plaintiff's Post Verdict Motion for Attorney Fees (Dkt. 99) is GRANTED IN PART. Plaintiff is entitled to a recovery of a reasonable fee in the amount of **$496,675**.[2] Plaintiff's Supplemental Motion for Attorneys' Fees (Dkt. 108) is GRANTED. Plaintiff will recover additional attorneys' fees in the amount of **$35,190.00** for the expenses incurred for post-judgment briefing in October 2006.

5. Defendants' Motions for Judgment as a Matter of Law, Judgment Notwithstanding the Verdict, and New Trial (Dkt. 100), and Defendants' Motion for Entry of Amended Final Judgment or, in the Alternative, Order for New Trial (Dkt. 107) are DENIED, except in one particular. By agreement of the parties, the court will exercise its constitutional power of remittitur and reduce the jury's verdict in favor of plaintiff by the sum of **$75,573**. *See Dimick v. Schiedt*, 293 U.S. 474, 55 S. Ct. 296 (1935) (holding that the reduction of a jury

---

[2] The court DENIES plaintiff's request for an additional **$5,090** in attorneys' fees, as these fees were incurred for time solely spent prosecuting Goodman's claim against Trace Smith, individually, a defendant ultimately dismissed by the court from this action and thus against whom the plaintiff did not prevail. *See* Dkt. 55. The plaintiff conceded this point after its motion in its response to defendants' objections on the issue of attorneys' fees, *see* Dkt. 102 at 5, and at the August 23, 2007 hearing.

verdict is consistent with the Seventh Amendment but that increasing a damage award violates that constitutional guarantee); *Gorsalitz v. Olin Mathieson Chem. Co.*, 429 F.2d 1033, 1042–43 (5th Cir. 1970). Thus, this portion of the defendants' motions for new trial and judgment as a matter of law (Dkts. 100, 107) will be GRANTED.

6. Plaintiff's Motion for Entry of Amended Final Judgment (Dkt. 105) is GRANTED IN PART and DENIED IN PART, as reflected in the court's separate amended final judgment issued this date.

Signed at Houston, Texas on August 23, 2007.

_____
Gray H. Miller
United States District Judge